**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Case Number:** _____

| | |
|---|---|
| Ashley Brooke Nolan, | : |
| Plaintiff, | : |
| vs. | : |
| Global Trust Management LLC, | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Ashley Brooke Nolan, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Ashley Brooke Nolan ("Plaintiff"), is an adult individual residing in Boynton Beach, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Global Trust Management LLC ("Global"), is a Massachusetts business entity with an address of 5840 West Cypress Street, Tampa, Florida 33607, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Global for collection, or Global was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Global Engages in Harassment and Abusive Tactics

10. On or around February 20, 2020, Global called Plaintiff's mother in an attempt to collect the Debt from Plaintiff.

11. Plaintiff's mother is in no way associated with the Debt or responsible for its repayment.

12. Global did not ask Plaintiff's mother to confirm or correct Plaintiff's location information.

13. Global identified its employer's name to Plaintiff's mother, when not expressly asked.

14. Global provided Plaintiff's mother with a call back number for Plaintiff to return the call to Global.

15. Global advised Plaintiff's mother that the call was regarding an application Plaintiff filled out, which was false and misleading, in an attempt to induce Plaintiff to call Defendant back regarding the Debt.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties and failed to confirm or correct location information.

20. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant identified its employer, when not expressly requested.

21. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and
4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 17, 2021

          Respectfully submitted,

          By /s/ Matthew Fornaro

          Matthew Fornaro, Esq.
          Florida Bar No. 0650641
          11555 Heron Bay Boulevard, Suite 200
          Coral Springs, FL 33076
          Telephone: (954) 324-3651
          Facsimile: (954) 248-2099
          E-mail: mfornaro@fornarolegal.com